# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHALU PUNOOSE, | : |
| | : CIVIL ACTION |
| Plaintiff | : |
| | : |
| vs. | : NO. 18-CV-1072 |
| | : |
| EQUIFAX INFORMATION SERVICES, LLC, | : |
| | : |
| Defendant | : |

## MEMORANDUM AND ORDER

**JOYNER, J.**                                                      **June 7, 2018**

      This Fair Credit Reporting Act action is presently before this Court on Motion of the Defendant, Equifax Information Services, LLC ("Equifax" or "EIS") to transfer venue to the United States District Court for the Northern District of Georgia. Based upon the rationale set forth below, the motion shall be denied.

## Factual Summary

      Plaintiff's cause of action is premised upon the Defendant's alleged failure to provide him with the telephone number of all of the people and/or businesses which had accessed Plaintiff's EIS consumer file within the past twelve months as is required by

15 U.S.C. §1681g(a)(3)[1]. Plaintiff originally filed this suit in the Court of Common Pleas of Bucks County, Pennsylvania where he lives and Defendant subsequently removed it to this Court pursuant to 28 U.S.C. §1331. Defendant now seeks to transfer venue of this action pursuant to 28 U.S.C. §1404(a) and Plaintiff, in a separate motion which shall be addressed separately, seeks to remand this matter to state court.

## **Discussion**

Section 1404(a) states that:

For the convenience of parties and witnesses, in the

---

[1] This statute reads, in relevant part:

**§1681g. Disclosures to consumers**

**(a) Information on file; sources; report recipients.** Every consumer reporting agency shall, upon request, and subject to section 610(a)(1)[15 U.S.C. §1681h(a)(1)], clearly and accurately disclose to the consumer:

...

(3) (A) identification of each person (including each end-user identified under section 607(e)(1) [15 U.S.C. §1681e(e)(1)] that procured a consumer report -

(I) for employment purposes, during the 2-year period preceding the date on which the request is made; or

(ii) for any other purpose, during the 1-year period preceding the date on which the request is made.

(B) An identification of a person under subparagraph (A) shall include -

(I) the name of the person or, if applicable, the trade name (written in full) under which such person conducts business; and

(ii) upon request of the consumer, the address and telephone number of the person.

...

2

interest of justice, a district court may transfer any civil action, suit or proceeding to any other district or division where it might have been brought or to any district or division to which all parties have consented.

It has been observed that §1404(a)'s "purpose is 'to prevent the waste of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" Weber v. Basic Comfort, Inc., 155 F. Supp. 2d 283, 284 (E.D. Pa. 2001)(quoting Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S. Ct. 805, 11 L. Ed.2d 945 (1964) and Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26-27, 80 S. Ct. 1470, 4 L. Ed.2d 1540 (1960)).

As the foregoing language makes clear, the threshold question under §1404(a) is whether the proposed venue is an appropriate one. Kershner v. Komatsu Ltd., Civ. A. No. 17-4787, 2018 U.S. Dist. LEXIS 60439 at *3 (E.D. Pa. Apr. 10, 2018); Vermont Juvenile Furniture Manufacturing, Inc. v. Factory Direct Wholesale, Inc., 317 F.R.D. 16, 21 (E.D. Pa. 2016). The moving party bears the burden of proving that venue is proper in the transferee district and that transfer is appropriate, *i.e.*, that transfer will serve the convenience of the parties and witnesses and will promote the interest of justice. Jumara v. State Farm Insurance Co., 55 F.3d 873, 879 (3d Cir. 1995); Lindley v. Caterpillar, Inc., 93 F. Supp. 2d 615, 617 (E.D. Pa. 2000). Further, the Supreme Court has observed that "Section 1404(a) is intended to place discretion in the district court to adjudicate

3

motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Organization, Inc. v. Ricoh Corp., 497 U.S. 22, 29 108 S. Ct. 2239, 2244, 101 L. Ed.2d 22 (1988)(quoting Van Dusen v. Barrack, 376 U.S. 612, 622, 84 S. Ct. 805, 812, 11 L. Ed.2d 945 (1964)).

In undertaking this individualized analysis, Courts in the Third Circuit are called upon to balance a variety of private and public interest factors in reaching their conclusions regarding whether transfer is or is not properly granted. Although not exclusive, the private factors which are appropriately considered include: (1) the plaintiff's choice of forum as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). Jumara, supra; Navetta v. KIS Care School, Inc., Civ. A. No. 14-5724, 2016 U.S. Dist. LEXIS 59113 at *5 (E.D. Pa. May 4, 2016). The relevant public interest factors include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the

4

two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. Id, at 879-880; Cameli v. WNEP-16 the News Station, 134 F. Supp.2d 403, 405 (E.D. Pa. 2001).

*A. Private Interest Factors*

As a general legal principle, "a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request and that choice should not be lightly disturbed." Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970); Navetta, 2016 U.S. Dist. LEXIS at *6. Where, however, the operative facts and the events giving rise to the lawsuit took place outside of the chosen forum, the plaintiff's venue selection is entitled to considerably less deference. Aetna, Inc. v. People's Choice Hospital, LLC, Civ. A. No. 17-4354, 2018 U.S. Dist. LEXIS 40689 at *9 (E.D. Pa. Mar. 13, 2018); Cameli, supra. Likewise, "[w]hen the plaintiff is not a resident of the chosen forum, she must make a strong showing of convenience in order for her choice to be given deference." Navetta, at *7 (citing Windt v. Qwest Communications International, Inc., 529 F.3d 183, 190 (3d Cir. 2008)). And, "when the vast majority of the acts giving rise to the plaintiff's claims take place in another forum, that weighs

5

heavily in favor of transfer." Jelley v. Colton Auto, Inc., Civ. A. No. 17-1221, 2018 U.S. Dist. LEXIS 13678 at *10 (W.D. Pa. Jan. 29, 2018); Hamilton v. Nochimson, Civ. A. No. 09-2196, 2009 U.S. Dist. LEXIS 62644 at *8 (E.D. Pa. July 21, 2009); Hayes v. Transcor America, LLC, Civ. A. No. 08-293, 2009 U.S. Dist. LEXIS 53074 at *14 (E.D. Pa. June 23, 2009).

In applying these principles and considering the foregoing factors, we first note that it is undisputed that this case could well have been commenced in the district to which Defendant would have this matter transferred - the Northern District of Georgia given that is where Defendant's headquarters and principal place of business are located. See, 28 U.S.C. §1391(b),(c). Plaintiff, however, is a resident of Bucks County, Pennsylvania, which is situate within the Eastern District of Pennsylvania. Defendant alleges that since Plaintiff originally filed his complaint in the Bucks County Court of Common Pleas, he therefore did not specifically choose this forum and thus the Eastern District of Pennsylvania should be afforded no deference. While it is true that Plaintiff's first choice of venue was in the state court system, there is nevertheless no question but that in the federal context, this is the Plaintiff's home district. We simply cannot in good conscience find that Plaintiff's decision to initiate suit in the Bucks County Court warrants a forfeiture of the deference due this district in the §1404(a) analysis. Indeed,

the purpose of transfer is not to shift the inconvenience from one party to another and thus a Defendant's desire alone does not provide a sufficient basis to overcome the Plaintiff's choice. See, Perry v. Markman Capital Management, Civ. A. No. 02-744, 2002 U.S. Dist. LEXIS 19103 at *31 (E.D. Pa. Oct. 4, 2002)(citing Superior Precast Ins. v. Safeco Insurance Co. Of America, 71 F. Supp. 2d 438, 446 (E.D. Pa. 1999) and Elbeco Inc. v. Estrella de Plato Corp., 989 F. Supp. 669, 679 (E.D. Pa. 1997)). Accordingly, in weighing the first two private interest factors and given that the defendant's preference is entitled to considerably less weight than Plaintiff's under the circumstances such that it does not overcome the strong deference accorded the Plaintiff's forum choice, we find that under these factors transfer is not favored. See also, EVCO Technology & Development Co., LLC v. Precision Shooting Equipment, Inc., 379 F. Supp. 2d 728, 730 (E.D. Pa. 2005)("Defendant's preference is entitled to considerably less weight than Plaintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another").

In considering the next private interest factor - where the claim arose, Defendant asserts that the facts underlying Plaintiff's allegations occurred in Atlanta, Georgia where Defendant is headquartered and where its consumer center and consumer reporting database is located and maintained. Plaintiff

7

submits that "a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Pennsylvania" including "(1) that fact that Plaintiff received his consumer disclosure in this jurisdiction; (2) Plaintiff mailed Defendant his written request letters for the full name, address and telephone number for 'Commercial Lendin' from this jurisdiction; and (3) Defendant was obligated to send such information to this jurisdiction and omitted to do so." Additionally, Plaintiff argues that the Eastern District of Pennsylvania "is the 'situs of events' that led to the underlying issue, as Defendant: (1) was collecting information from Pennsylvania about Plaintiff, a Pennsylvania resident; (2) provided this information to companies in Pennsylvania; and (3) failed to provide Plaintiff the proper disclosures, at Plaintiff's Pennsylvania address." (Pl's Brief in Opposition to Motion to Transfer Venue, p. 9).

As Defendant has pointed out, "[m]ultiple courts considering §1404 transfer motions in FCRA cases have noted that the situs of the material events, and thus the appropriate venue, is generally the place where the defendant credit reporting agency conducted its business." Smith v. HireRight Solutions, Inc., Civ. A. No. 09-6007, 2010 U.S. Dist. LEXIS 55477 at *13 - *14 (E.D. Pa. June 7, 2010)(collecting cases). *In accord*, Johnson v. Equifax Information Services, Civ. A. No. 17-1066, 2017 U.S. Dist. LEXIS

8

98951 at *8 (E.D. Pa. June 27, 2017)(same). We would agree that *most* of the *material* events took place in the Northern District of Georgia inasmuch as that is where the information which was collected was compiled, analyzed and stored, where the reports were prepared and from which the information was disseminated (or not disseminated as Plaintiff alleges). Thus, notwithstanding that Plaintiff correctly points out some activities upon which this suit is premised took place in Pennsylvania, we find that this factor favors transfer to the Northern District of Georgia.

The fourth private interest factor is the convenience of the parties as indicated by their physical and financial condition. Johnson, at *9. This factor weighs against transfer. Plaintiff is an individual who works as a registered nurse and who has work and family obligations in Pennsylvania. Plaintiff also states in his declaration that litigating this case in Georgia would impose a substantial hardship on his employment and family and that he could not afford the travel and lodging costs attendant to a transfer of this matter to Atlanta, Georgia. The Defendant, on the other hand, is a large corporation for whom the expense of litigating outside of its home district would not pose a substantial physical or financial hardship.

Turning next to the fifth factor - the convenience of the witnesses to the extent that they may be unavailable to testify in one or the other fora, we find that this element also

9

militates against transfer.  While the Declaration of Defendant's representative, Legal Support Associate Latonya Munson, states that the EIS employees who would testify regarding the underlying factual issues raised in the complaint work in Atlanta and that Defendant has no knowledge of any witnesses or employees with knowledge about the issues or underlying facts who reside or work within the geographical boundaries of the Eastern District, the Declaration is silent as to the unavailability of those witnesses who it would produce to testify at trial were such a trial to take place here.  In contrast, Plaintiff has produced Declarations from no fewer than 8 other witnesses who would not be able to testify on his behalf if this matter were transferred to the Northern District of Georgia.

The sixth enumerated private interest factor concerns the location of books and records, but only to the extent that they could not be produced in either of the fora.  On this point, both Plaintiff and Defendant's representative attest that the books and records to be produced and on which they would rely are located in their respective chosen states.  Even assuming that many, if not all, of such records could and would be produced electronically, neither party contends that they would not be able to provide such materials were they required to do so in the opposing party's chosen forum.  Accordingly, we find that this factor is neutral for purposes of our §1404(a) analysis.

*B. Public Interest Factors*

Of the various public interest factors identified in Jumara, the parties really only present argument as to one of them – the local interest in deciding local disputes at home.  On this point, Plaintiff asserts that since he is a Pennsylvania resident, Pennsylvania has a strong interest in seeing that its citizens do not suffer Fair Credit Reporting Act violations and that if they do, Pennsylvania is strongly interested in ensuring that its citizens are properly compensated for such violations. Defendant, in turn, claims that because it is incorporated and headquartered in Georgia and that its databases, Consumer Center and many of its other operations are in Atlanta and that its policies and procedures were established and maintained there, Georgia has a strong interest in this dispute.  We believe that both parties are correct and both Pennsylvania and Georgia have valid local interests.  Therefore, we can only conclude that this factor is evenly balanced and neither favors nor disfavors the transfer of this action.

As far as the remaining public interest factors are concerned, neither party has produced any evidence or made any arguments with respect to the enforceability of a judgment, docket congestion, public policies or whether one trial judge

over another would have greater familiarity with the law[2]. As a result, we find that all of these elements would be in equipoise and would neither favor nor disfavor transfer.

In view of all of the foregoing, we find that Defendant has not met its burden of demonstrating the efficacy of transferring this case to the Northern District of Georgia. The motion to transfer is therefore denied pursuant to the attached Order.

---

[2] Because the only claims at issue in this matter are federal (both counts seek relief for alleged Fair Credit Reporting Act violations), it seems evident that whichever trial judge would be assigned this case in the Northern District of Georgia would be equally as qualified as the undersigned to apply the relevant law.